Garrett S. Eggen, OSB No. 222197
Thomas W. Stilley, OSB No. 883167
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: geggen@sussmansank.com
        tstilley@sussmanshank.com

*Proposed Attorneys for Debtor and Debtor-in-Possession*

Kevin W. Coleman, CSB No. 168538 (special admission under LBR 9010-1(a)(2) approved)
NUTI HART LLP
6232 La Salle Ave, Suite D
Oakland, CA 94611
Telephone: (510) 506-7152
E-Mail: kcoleman@nutihart.com

*Attorneys for Debtor and Debtor-in-Possession*

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | ) | Case No. 26-30615-pcm11 |
|---|---|---|
| | ) | |
| BULLIVANT HOUSER BAILEY, PC, | ) | |
| | ) | MOTION TO APPROVE CLIENT FILE |
| Debtor. | ) | DISPOSITION PROCEDURES |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**NOTICE**

If you oppose the proposed course of action or relief sought in this Motion, you must file a written objection with the bankruptcy court no later than fourteen (14) days after the date listed in the certificate of service attached hereto. If you do not file an objection, the Court may grant this Motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at 1050 S.W. 6th Avenue, #700, Portland, Oregon 97204, by the deadline specified above or it may not be considered. You must also serve the objection on the Debtor, c/o Kevin W. Coleman,

**Page 1 of 8** – MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

6232 La Salle Avenue, Suite D, Oakland, California 94611, and Garrett S. Eggen, Sussman Shank LLP, 1000 S.W. Broadway, Suite 1400, Portland, Oregon 97205, within that same time. If the Court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

## MOTION

Bullivant Houser Bailey, PC ("BHB" or "Debtor"), the debtor and debtor in possession in the above-captioned case, hereby moves this honorable court ("Motion") for an order, substantially in the form attached hereto as **Exhibit A**, approving procedures for the disposition of former client records pursuant to section 105(a) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). In support of this Motion, the Debtor relies on the Declaration of Ronald L. Richman (the "Richman Decl.") filed consecutively herewith. In further support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1. BHB filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on December 15, 2025, in the United States Bankruptcy Court for the Northern District of California, San Francisco Division, Case No. 25-31017 DM.

2. Pursuant to an order dated February 18, 2026 [ECF No. 86], the Chapter 11 case was transferred to the United States Bankruptcy Court for the District of Oregon ("Bankruptcy Court"), Case No. 26-30615-pcm11.

## BACKGROUND

3. The Debtor is an Oregon professional corporation that engaged in the practice of law for approximately 80 years, maintaining offices in Seattle, Washington, Portland, Oregon, and San Francisco, California. BHB dissolved on September 23, 2025, and ceased providing legal services to clients on October 31, 2025. Richman Decl., at ¶ 3.

4. As a result of BHB's dissolution and winddown, substantially all of the Debtor's attorneys became affiliated with other law firms. Generally, as attorneys transferred to other firms,

**Page 2 of 8** – MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

they took active client matters with them along with all or most of the open client files associated with those matters.  *Id.* at ¶ 4.

5.      However, over its long existence the Debtor accumulated and stored thousands of boxes of records consisting of former client files.  These records relate to inactive matters and are stored at three off-site storage facilities maintained by Iron Mountain.  In more recent years, BHB has also been storing client records electronically.  *Id.* at ¶ 5.

6.      Under BHB's existing document retention policies and standard client engagement letter, other than any original documents that the client may request be returned, BHB is authorized to destroy client files ten (10) years after termination of work on the client matter. Clients were notified in their engagement agreements with the firm that under BHB's client document retention policies, the firm will destroy the client file(s) after the end of the 10-year retention period without further notice to the client.  *Id.* at ¶ 6.

7.      The costs to store the client files that are within the 10-year retention period at Iron Mountain are a significant on-going expense to the estate.  The combined current storage charges at the three Iron Mountain locations run approximately $5,000 per month.  In addition, BHB is paying the cost of cloud storage for electronic files.  Although not all of the cloud storage costs can be attributed to client records, those charges at the time BHB filed its bankruptcy case approximated $27,000 per month.[1]  *Id.* at ¶ 7.

8.      To alleviate the financial burden of continuing to store client files, the Debtor proposes to implement the client file disposition procedure described below.  That procedure will authorize the Debtor to either (a) transfer the records back to the former client at their expense, or

---

[1]      Since this case was filed, BHB has been engaged in an effort to reduce its overall IT, software, and cloud storage costs.  Nevertheless, while the exact amount if difficult to ascertain BHB believes that a significant amount of the ongoing cloud storage fees are attributable to client records.  Allowing BHB to transfer or delete the client records would therefore facilitate the reduction and eventual elimination of this expense.

**Page 3 of 8** – MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

(b) dispose of the records where the client either does not request transfer of the files or fails to pay the cost of the file return.

9. These proposed procedures (the "File Disposition Procedures") are as follows:

a. The Debtor will send a copy of the "Notice of Intent to Dispose of Client Files" attached hereto as **Exhibit B** by first class mail (or electronic means if known) to former clients;

b. For corporations or other non-individual clients, the Notice of Intent to Dispose of Client Files will be mailed to the client's registered agent for service of process, and for clients who are individuals, the notice will be mailed to the last known mailing address (or email address) reflected in the Debtor's internal records;

c. The Notice of Intent to Dispose of Client Files will advise the client that the Debtor is in possession of files related to its representation of the client, and that the Debtor intends to dispose of all such files sixty (60) days after the date of the Notice of Intent to Dispose of Client Files unless the client completes and returns the File Retrieval Form (which is attached to the Notice of Intent to Dispose of Client Files) substantially in the form attached hereto as **Exhibit C** before the 60-day period expires;

d. Former clients who timely return a File Retrieval Form will thereafter be sent by email an acknowledgment of receipt that explains the out-of-pocket costs[2] and administrative fee[3] that the former client will be required to pay within fourteen (14) days as a condition to processing the file transfer request ("Acknowledgement-Cost Notice"); and

e. The Notice of Intent to Dispose of Client Files and the Acknowledgment-Cost Notice will inform the former client that if it does not return the File Retrieval Form within 60

---

[2]    These costs would include Iron Mountain's costs to retrieve the file (if applicable), and the cost to mail the files where the client directs that they be sent.

[3]    The administrative fee will be based on the anticipated number of hours of staff time to process the request at the rate of fifty ($50) dollars per hour, with a minimum charge of one hour.

**Page 4 of 8** – MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

days and/or pay the required fees within 14 days after transmitting the Acknowledgment-Cost Notice, BHB will cause the files to be destroyed without further notice to the client.

<b>LEGAL BASIS FOR RELIEF SOUGHT</b>

10.    Bankruptcy Code section 105(a) authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §105(a).  Subject to inapplicable exceptions, Bankruptcy Code section 1107(a) subjects a debtor-in-possession to the duties imposed upon a Chapter 11 trustee appointed under section 1106, which include *inter alia* the duty to "close such estate as expeditiously as is compatible with the best interests of parties in interest."  11 U.S.C. §704(a)(1).  Hence, section 105(a) authorizes this Court to make appropriate orders that will facilitate the efficient administration of the Debtor's estate.  The File Disposition Procedures are an integral part of how the BHB estate will be administered.

11.    It is well recognized that client files belong to BHB's former clients rather than BHB.  *In re Worth*, 336 Or. 256, 270, 82 P.3d 605 (2003); *Rose vs. State Bar*, 49 Cal. 3d 646, 655 (1989).  While law firms have a duty to safeguard client property, *see, e.g.*, Oregon RPC 1.15-1, the Oregon Rules of Professional Conduct do not mandate a minimum period for retention of client files after the representation concludes.

12.    Oregon's Rules of Professional Conduct also do not directly address the question of how client files should be handled in the context of a law firm dissolution.  However, in the analogous situation where a law practice is sold, the professional conduct rules provide that a client be given at least forty-five (45) days' notice of a law firm's intent to transfer the files to a new owner.  Oregon RPC 1.17(b)(4).  The client is deemed to consent to the transfer if it does not object within the 45-day period.  Oregon RPC 1.17(e).  Therefore, BHB believes that affording former clients with 60-days' notice of the potential destruction of their files is sufficient.

13.    The File Disposition Procedures contemplate that former clients who request that their files be returned will be charged an administrative fee for processing the file transfer request, plus the out-of-pocket costs incurred to retrieve and ship the files to the location designated by the

**Page 5 of 8** – MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

former client.  BHB submits that imposition of this cost on the former client is warranted because Oregon law generally recognizes an implied in law obligation on a party to compensate another for benefit conferred. The elements of the claim for benefit conferred are: awareness by the recipient that a benefit has been received, and judicial recognition that, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. *Safeport, Inc. v. Equipment Roundup & Mfg.,* 60 P.3d 1076, 184 Or.App. 690, 706 (Or. App. 2002).

14.     BHB would only be returning or transferring client files if expressly directed to do so by the former client.  By making the request, the former client is implicitly acknowledging that the client file has value and that it is receiving a benefit from having the files transferred as requested.

15.     Moreover, Oregon law does not impose a duty on a law firm to incur the cost of retrieving and mailing client files after the representation concludes.  To the contrary, law firms are permitted to charge clients for transfer of their files if: (a) the lawyer could have charged the client for that same task if the request had been made by the client during the lawyer-client relationship, or (b) if the client asks the lawyer to reproduce documents or information already made available to the client.  OSB Formal Ethics Op. No 2017-192, ¶3.

16.     Here, BHB's engagement agreements with its former clients permitted the firm to charge clients for the reasonable out-of-pocket expenses incurred in connection with the representation.  The client files exist because of the representation, and so the expenses associated with retrieving and shipping files at the client's direction are a cost related to the representation.  Richman Decl., at ¶ 8.

17.     Finally, similar procedures for disposition and destruction of client files have been approved in several law firm bankruptcy cases filed in other jurisdictions. *See e.g., In re Sedwick LLP*, Case No. 18-31087 HLB (Bankr. N.D. Cal. December 4, 2018) [Docket No. 112]; *In re Howrey LLP*, Case No. 11-31376 DM (Bankr. N.D. Cal. Mar. 2, 2012) [Docket No. 636]; *In re Dewey & LeBoeuf LLP*, Case No. 12-12321 (Bankr. S.D.N.Y. July13, 2012) [Docket No. 237]; *In*

**Page 6 of 8** – MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

*re Heller Ehrman LLP*, Case No. 08-32514 DM (Bankr. N.D. Cal. May, 7, 2009) [Docket No. 436]; *In re Thelen, LLP*, No. 09-15631 (Bankr. S.D.N.Y. December 23, 2009) [Docket No. 60]; *In re Coudert Brothers LLP*, Case No. 06-12226 (S.D.N.Y. Jan. 22, 2007) [Docket No. 222] (authorizing chapter 11 debtor's disposition of client files located in US and abroad upon written notice to former clients); *In re: Brobeck, Phleger & Harrison LLP*, No. 03-32715 DM (Bankr. N.D. Cal. May 7, 2004) [Docket No. 81] (granting chapter 7 trustee's motion to release or dispose of law firm's client files in accordance with notice procedures); *In re Landels, Ripley & Diamond*, Case No. 00-31488 (Bankr. N.D. Cal Dec. 8, 2000) [Docket No. 165].

18. For the foregoing reasons, BHB submits that the proposed File Disposition Procedures are consistent with applicable ethical rules and appropriately balance the competing interests of former clients and the Debtor's creditors who are bearing the financial burden of ongoing storage costs.

WHEREFORE, BHB respectfully requests that this Court enter an order:

1. Approving the File Disposition Procedures;

2. Determining that the File Disposition Procedures provide adequate notice to former clients;

3. Authorizing the Debtor to charge former clients an administrative fee plus the out-of-pocket expenses related to retrieval and shipping of client files when the former client elects to have its files transferred instead of destroyed; and

//
//
//
//
//
//
//

**Page 7 of 8** – MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

4.      Granting such other and further relief as is just and proper.

Dated: March 11, 2026                              NUTI HART LLP


*/s/ Kevin W. Coleman*
Kevin W. Coleman, CSB No. 168538 (special admission under LBR 9010-1(a)(2) approved)
kcoleman@nutihart.com
Attorneys for Bullivant Houser Bailey, PC Debtor in Possession

SUSSMAN SHANK LLP

*/s/ Garrett S. Eggen*

Garrett S. Eggen, OSB No. 222197
Thomas W. Stilley, OSB No. 883167
geggen@sussmanshank.com
tstilley@sussmanshank.com

Proposed Attorneys for Bullivant Houser Bailey, PC, Debtor-in-Possession

**Page 8 of 8** – MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 26-30615-pcm11 |
| | ) |
| BULLIVANT HOUSER BAILEY, PC, | ) |
| | ) ORDER GRANTING MOTION TO |
| Debtor. | ) APPROVE CLIENT FILE DISPOSITION |
| | ) PROCEDURES |
| | ) |
| | ) |
| | ) |

This matter came before the Court on debtor Bullivant Houser Bailey, PC's (the "**Debtor**") Motion to Approve Client File Disposition Procedures [Docket No. ____](the "**Motion**")[1]. Having considered the Motion and the record herein, and the Court having found that good cause exists to grant the Motion, it is

ORDERED:

1.    The Debtor is authorized to implement the File Disposition Procedures set forth in the Motion;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Page 1 of 3** - ORDER GRANTING MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

2.    The form of Notice of Intent to Dispose of Client Files attached as Exhibit B to the Motion is approved.  The Debtor is authorized to transmit the Notice of Intent to Dispose of Client Files by first class mail or email (as applicable) to the former clients through their respective agents for service of process, or to the last known address contained in the Debtor's records where no registered agent exists;

3.    The File Retrieval Form attached as Exhibit C to the Motion is approved;

4.    Former clients requesting transfer of their client file(s) shall return a completed File Retrieval Form by email to Ronald L. Richman (ron.richman@bullivant.com) within sixty (60) days after the of the Notice of Intent to Dispose of Client Files is transmitted.  Any former client of the Debtor who fails to return a completed File Retrieval Form within such 60-day period shall be deemed to have consented to the destruction of their client file(s);

5.    The Debtor is authorized to charge former clients who submit a File Retrieval Form an administrative fee to process the request, which administrative fee shall be calculated based on the estimated hours expended by BHB staff to fulfill the file transfer request at the rate of fifty ($50) dollars per hour, plus the Debtor's actual out-of-pocket costs to process the request (i.e., the cost to retrieve the file(s) from storage, and the cost to mail the file(s) where the former client directs that they be sent);

6.    The Debtor shall transmit an Acknowledgement-Cost Notice by email to each former client that submits a File Retrieval Form identifying the total amount of the administrative fees and costs referenced in paragraph 5. The former client shall remit payment of the administrative fees and costs identified in the Acknowledgment-Cost Notice within fourteen (14) days after service of such notice.  Any former client of the Debtor who fails to remit payment for administrative fees and costs identified in the Acknowledgment-Cost Notice within such 14-day period shall be deemed to have consented to the destruction of their client file(s), notwithstanding its prior submission of a File Retrieval Form;

7.    Service of the Notice of Intent to Dispose of Client Files, File Retrieval Form, and

**Page 2 of 3** - ORDER GRANTING MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Acknowledgement-Cost Notice in compliance with this order is reasonably calculated to apprise former clients of the need to take action to prevent the destruction of their client file(s) and is therefore sufficient under the circumstances;

8. The Debtor is further authorized take such further actions as may be necessary or appropriate to effectuate the terms of this order; and

9. This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this order.

###

PRESENTED BY:

SUSSMAN SHANK LLP

*/s/ Garrett S. Eggen*

_____
Garrett S. Eggen, OSB No. 222197
Thomas W. Stilley, OSB No. 883167
geggen@sussmanshank.com
tstilley@sussmanshank.com
Proposed Attorneys for Debtor and Debtor-in-Possession

NUTI HART LLP

*/s/ Kevin W. Coleman*

Kevin W. Coleman, CSB No. 168538 (admitted under LBR 9010-1(a)(2))
kcoleman@nutihart.com

Attorneys for Debtor and Debtor-in-Possession

**Page 3 of 3** - ORDER GRANTING MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES

Exhibit A
Page 3 of 3

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

RONALD L. RICHMAN
Admitted in California
Direct Dial: (415) 352-2722
E-mail: ron.richman@bullivant.com

March 11, 2026

*Via Certified Mail, Return Receipt Requested, and Regular Mail*

Client
xxx
xxx
xxx

Re:    Upcoming Destruction of Electronic and Physical Files

Dear Sir or Madam:

On October 31, 2025, Bullivant Houser Bailey PC ("BHB" or "Debtor") ceased providing legal services to clients. On December 15, 2025, BHB filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Case No. 25-3017 DM. The case was subsequently transferred to the United States Bankruptcy Court for the District of Oregon ("Bankruptcy Court") and assigned Case No. 26-30615-pcm11. We anticipate that the process of winding down BHB and closing the bankruptcy case will be completed before September 30, 2026.

As a part of our record retention program, all electronic and physical files that are beyond our 10-year document retention policy will be destroyed. However, we have identified electronic and/or physical files from our prior representation of your company that are still within our 10-year document retention policy. Enclosed is a printout listing the client files that are still within our 10-year document retention policy and are still maintained by BHB.

BHB's ongoing costs to electronically and physically store client files are significant. Consequently, the Bankruptcy Court has entered an order authorizing BHB to implement a

Client
March 11, 2026
Page 2

process for returning or destroying client files. Under the court-approved process, you have the option to take custody of these client files provided that you pay the costs of retrieving and transferring those files. If you wish to take custody of these client files, you will need to fill out the enclosed form ("File Retrieval Request") and return the form to me, via email, at ron.richman@bullivant.com, on or before June ___, 2026.

**IF WE DO NOT RECEIVE THE FILE RETRIEVAL REQUEST VIA EMAIL FROM YOU BY JUNE __, 2026, THE FILE(S) WILL BE PERMANENTLY DESTROYED WITHOUT FURTHER NOTICE TO YOU.**

Once we receive the email "File Retrieval Request" we will email you an "Acknowledgement-Cost Notice" that outlines the administrative fee for processing the file transfer request, plus (if applicable) the other out-of-pocket costs to retrieve the records from storage and deliver them as requested. In addition, the "Acknowledgement-Cost Notice" will provide instructions for payment to BHB.

You will have fourteen (14) days after we email you the Acknowledgement-Cost Notice to pay the specified fees and costs. If you do not remit payment within this fourteen (14) day period, BHB will destroy the files without further notice notwithstanding that you have previously submitted a File Retrieval Request.

Thank you for your immediate attention to this matter.

Very truly yours,

Ronald L. Richman

RLR:rcb
Enclosures

4936-9509-8262.1

 **BULLIVANT**HOUSER

Washington · Oregon · California

Exhibit B
Page 2 of 2



**BULLIVANT**
HOUSER

### File Retrieval Form

Client Name: _____

Contact Name: _____

Address: _____

_____

Direct Telephone: _____

Email address: _____

I hereby certify that I am ☐ the former client / ☐ agent-attorney for the former client.[1]

I direct Bullivant Houser Bailey PC to transfer the ☐ hard copy records ☐ electronically stored files for the matters identified in the attached list(s) ("Requested Files").  The Requested Files should be sent to:

_____

_____

_____

_____

I agree to pay the administrative fee and the actual cost of retrieving and transmitting the Requested Files within fourteen (14) days after I am sent the Acknowledgement-Cost Notice to the above-noted email address.  I further agree that if I do not timely tender payment of said fees and costs, Bullivant Houser Bailey PC may presume that I no longer wish to receive the Requested Files and may deem this File Retrieval Request to be null and void.  I acknowledge that if I do not timely tender payment of said fees and costs the Requested Files will be destroyed without further notice.

Signature: _____     Date: _____

Printed Name: _____     Title: _____

This form must be returned to: ron.richman@bullivant.com on or before **June __, 2026**.

---

[1] An agent or attorney for a former client must attach either: (a) an authorization signed by the former client instructing BHB to transfer the file as requested, (b) a court order, or (c) other satisfactory evidence of the agent-attorney's authority to request transfer of the files.

Exhibit C
Page 1 of 1

Garrett S. Eggen, OSB No. 222197
Thomas W. Stilley, OSB No. 883167
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: geggen@sussmansank.com
        tstilley@sussmanshank.com

*Proposed Attorneys for Debtor and Debtor-in-Possession*

Kevin W. Coleman, CSB No. 168538 (special admission under LBR 9010-1(a)(2) approved)
NUTI HART LLP
6232 La Salle Ave, Suite D
Oakland, CA 94611
Telephone: (510) 506-7152
E-Mail: kcoleman@nutihart.com

*Attorneys for Debtor and Debtor-in-Possession*

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 26-30615-pcm11 |
| | ) |
| BULLIVANT HOUSER BAILEY, PC, | ) |
| | ) DECLARATION OF RONALD L. |
| Debtor. | ) RICHMAN IN SUPPORT OF MOTION TO |
| | ) APPROVE CLIENT FILE DISPOSITION |
| | ) PROCEDURES |
| | ) |
| | ) |

I, Ronald L. Richman, hereby declare:

1.      I am over the age of 18 and am authorized to submit this declaration on behalf of debtor Bullivant Houser Bailey, PC ("BHB" or "Debtor") in support of the Debtor's Motion to Approve Client File Disposition Procedures (the "Motion")[1] filed consecutively herewith.  I make this declaration based on my own personal knowledge, except as otherwise stated.  If called upon, I would testify competently to the facts set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Page 1 of 3** - DECLARATION OF RONALD L. RICHMAN

2.      I am the Chief Dissolution Officer of the Debtor.  I have served in this capacity since September 23, 2025.  I joined BHB in April 2002.  I became a non-equity shareholder in January 2004 and an equity shareholder in January 2009.  I have served as BHB's general counsel from approximately 2016 through 2025.  In total, I have practiced law for forty-two years, beginning with my service as a Lieutenant in the US Navy JAGC at the Naval Legal Service Office on Treasure Island, San Francisco, California from 1985-1988.  My practice while at BHB has focused on commercial, contract and general business litigation, real estate litigation, and ERISA multi-employer trust fund litigation.

3.      The Debtor is an Oregon professional corporation that engaged in the practice of law for approximately 80 years, maintaining offices in Seattle, Washington, Portland, Oregon, and San Francisco, California.  BHB dissolved on September 23, 2025, and ceased providing legal services to clients on October 31, 2025.

4.      As a result of BHB's dissolution and winddown, substantially all of the Debtor's attorneys became affiliated with other law firms. Generally, as attorneys transferred to other firms, they took active client matters with them along with all or most of the open client files associated with those matters.

5.      However, over its long existence the Debtor accumulated and stored thousands of boxes of records consisting of former client files.  These records relate to inactive matters and are stored at three off-site storage facilities maintained by Iron Mountain.  In more recent years, BHB has also been storing client records electronically.

6.      Under BHB's existing document retention policies and standard client engagement letter, other than any original documents that the client may request be returned, BHB is authorized to destroy client files ten (10) years after termination of work on the client matter.  Clients were notified in their engagement agreements with the firm that under BHB's client document retention policies, the firm will destroy the client file(s) after the end of the 10-year retention period without further notice to the client.

**Page 2 of 3** - DECLARATION OF RONALD L. RICHMAN

7.      The costs to store the client files that are within the 10-year retention period at Iron Mountain are a significant on-going expense to the estate.  The combined current storage charges at the three Iron Mountain locations run approximately $5,000 per month.  In addition, BHB is paying the cost of cloud storage for electronic files.  Although not all of the cloud storage costs can be attributed to client records, those charges at the time BHB filed its bankruptcy case approximated $27,000 per month.

8.      BHB's engagement agreements with its former clients permitted the firm to charge clients for the reasonable out-of-pocket expenses incurred in connection with the representation. The client files exist because of the representation, and so the expenses associated with retrieving and shipping files at the client's direction are a cost related to the representation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of March, 2026.

By: */s/ Ronald L. Richman*
Ronald L. Richman, Chief Dissolution Officer

29617-001 (05108374)

**Page 3 of 3** - DECLARATION OF RONALD L. RICHMAN

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

CERTIFICATE OF SERVICE

I, Janine E. Hume declare as follows:

I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 S.W. Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

I certify that on March 11, 2026, I served, via first class mail, a full and correct copy of the foregoing (1) MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES, and (2) DECLARATION OF RONALD L. RICHMAN IN SUPPORT OF MOTION TO APPROVE CLIENT FILE DISPOSITION PROCEDURES, to the parties of record, addressed as follows:

**See attached service list.**

I also certify that on March 11, 2026, I served the above-referenced document(s) on all ECF participants as indicated on the Court's CM/ECF system.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 11, 2026.


*/s/ Janine E. Hume*

Janine E. Hume, Legal Assistant

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

**Service List:** *In re Bullivant Houser Bailey PC*

**20 Largest Unsecured Creditors**

Umpqua Plaza Properties, LLC
c/o Schwabe Williamson & Wyatt PC
Attn:  Craig A. Russillo
1600-1900 Pacwest Center
1211 SW 5th Ave.
Portland, OR 97204

Knickerbocker 4th & Madison LLC
c/o Pacifica Law Group
Attn:  Brittany Faulkner
401 Union Street, Suite 1600
Seattle, WA  98101

Thomas Hutchinson
c/o Timberline Law Group PC
Attn:  Erick J. Hayne
7128 SW Gonzaga Street, Suite 105
Portland, OR  97223

Peder Rigsby
Contact Information Intentionally
Omitted

Robert Barton
Contact Information Intentionally
Omitted

Evelyn Winters
Contact Information Intentionally
Omitted

Daniel Bentson
Contact Information Intentionally
Omitted

Elevate Technology Group
Attn: Diane Turner
16055 SW Walker Road, No. 422
Beaverton, OR  97006

Lloyd Bernstein
Contact Information Intentiona
Omitted

Jeanne Loftis
Baker Sterchi Cowden & Rice
2100 Westlake Avenue N.
Suite 206
Seattle, WA  98109

Matthew Casey
Contact Information Intentiona
Omitted

Samuel Ruby
Contact Information Intentiona
Omitted

Knickerbocker 4th &
 Madison LLC
c/o Miller Nash LLP
Attn:  John Knapp and
Bernie Kornberg
605 Fifth Avenue S, Suite 900
Seattle, WA  98104

101 Montgomery Street Company
c/o Coblentz Patch Duffy and Bass, PC
Attn:  Gregg M. Ficks
1 Montgomery Street, Suite 3000
San Francisco, CA  94104

Eagan US Holdco - Elite 3E
Attn: Jamison Brennan
PO Box 773334
Detroit, MI  48277

Thomson Reuters
Attn:  Samual Billig JD
PO Box 6292
Carol Stream, IL  60197

Page **1** of **5 – Service List**

Reveal Data Corporation
Attn: Nicholas Rastelli
145 S. Wells, Suite 600
Chicago, IL 60606

Matthew Wojick
Contact Information Intentionally
Omitted

Loren Podwill
Contact Information Intentionally
Omitted

Michael Guadagno
Contact Information Intentionally
Omitted

Andrew Downs
Contact Information Intentionally

**<u>Special Notice Parties</u>**

CNA Financial Corporation
151 N. Franklin Street, Suite 700
Chicago, IL 60606

Columbia Casualty Company
151 N. Franklin Street, Suite 700
Chicago, IL 60606

Andrea Davis
Bullivant Houser Bailey PC
One SW Columbia Street, Suite 800
Portland, OR 97204

Elite Technology aka Eagan US Hold Co, LLC
Attn: James Brennan
PO Box 773334
Detroit, MI 48277

Endurance American Specialty Insurance Company
333 Westchester Avenue
White Plains, NY 10604

Page **2** of **5** – **Service List**

Evanston Insurance Company
10 Parkway N
Deerfield, IL 60015

Executive Risk Indemnity Inc.
c/o Aon Risk Services Northeast, Inc.
165 Broadway, 33rd Floor
New York, NY 10006

Federal Insurance Company
c/o Aon Risk Services Northeast, Inc.
165 Broadway, Suite 3201
New York, NY 10006

Brian Field
Bullivant Houser Bailey PC
One SW Columbia Street, Suite 800
Portland, OR 97204

Financial Servicing
(Wells Fargo Financial Leasing, Inc.)
Attn: Diane M. Harper
1010 Thomas Edison Blvd. SW
Cedar Rapids, IA 52404

Angie Goodwin
Bullivant Houser Bailey PC
One SW Columbia Street, Suite 800
Portland, OR 97204

Great American Fidelity Insurance Co.
301 E Fourth Street
Cincinnati, OH 45202

Iron Mountain
1101 Enterprise Drive
Royersford, PA 19468

Iron Mountain
19826 Russell Road
Kent, WA 98032

Iron Mountain
2116 NW 20TH
Portland, OR 97206

Page **3** of **5** – **Service List**

Iron Mountain
8150 Signal Court
Sacramento, CA 95824

Ironshore Specialty Insurance Co.
175 Berkeley Street
Boston, MA 02116

Sheri Lagasse
Bullivant Houser Bailey PC
One SW Columbia Street, Suite 800
Portland, OR 97204

Msig Specialty Insurance USA, Inc.
15 Independence Blvd.
Warren, NJ 07059

Paychex, Inc.
Attn: Legal Department
400 N. Mccarthy Blvd. Ste. 200
Milpitas, CA 9503

Pitney Bowes Global Financial Services, Inc.
PO Box 981026
Boston, MA 02298

Principal Life Insurance Company
Attn: Legal Department
711 HIGH ST
Des Moines, IA 50392

Principal Life Insurance Company
Attn: Legal Department
Group Term Life Insurance
711 HIGH ST
Des Moines, IA 50392

QBE Specialty Insurance Company
One General Drive
Sun Prairie, WI 53596

Isabel Rivera
Bullivant Houser Bailey Pc
One SW Columbia Street, Suite 800
Portland, OR 97204

Page **4** of **5 – Service List**

Ronald L. Richman
Bullivant Houser Bailey PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104

Schwab Retirement Plan Services, Inc.
Attn: Legal Department - 401(K)
200 S. 108TH AVE
Omaha, NE 68154

Karla Stein
Bullivant Houser Bailey Pc
One SW Columbia Street, Suite 800
Portland, OR 97204

Vantage Risk Specialty Ins. Co.
200 Bellevue Parkway, Suite 210
Wilmington, DE 19809

Westfield Specialty Ins. Co.
One Park Circle
Westield Center, OH 44251

Page **5** of **5** – **Service List**