DISTRICT OF OREGON
**F I L E D**
**April 06, 2026**
**Clerk, U.S. Bankruptcy Court**

Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 26-30615-pcm11 |
| | ) |
| BULLIVANT HOUSER BAILEY, PC, | ) |
| | ) |
| Debtor. | ) |
| | ) ORDER GRANTING MOTION TO |
| | ) APPROVE CLIENT FILE DISPOSITION |
| | ) PROCEDURES |
| | ) |

This matter came before the Court on debtor Bullivant Houser Bailey, PC's (the "**Debtor**") Motion to Approve Client File Disposition Procedures (the "**Motion**") [Docket No. 117]. Having considered the Motion and the record herein, and the Court having found that good cause exists to grant the Motion, it is

ORDERED:

1.      The Debtor is authorized to implement the File Disposition Procedures set forth in the Motion.

2.      The form of Notice of Intent to Dispose of Client Files attached as Exhibit A to the Motion is approved. The Debtor is authorized to transmit the Notice of Intent to Dispose of Client Files by first class mail or email (as applicable) to the former clients through their respective agents

**Page 1 of 3** - ORDER GRANTING MOTION TO ESTABLISH CLIENT FILE DISPOSITION PROCEDURES

for service of process, or to the last known address contained in the Debtor's records where no registered agent exists.

3. The File Retrieval Form attached as Exhibit B to the Motion is approved.

4. Former clients requesting transfer of their client file(s) shall return a completed File Retrieval Form by email to Ronald L. Richman (ron.richman@bullivant.com) within sixty (60) days after the of the Notice of Intent to Dispose of Client Files is transmitted.  Any former client of the Debtor who fails to return a completed File Retrieval Form within such 60-day period shall be deemed to have consented to the destruction of their client file(s).

5. The Debtor is authorized to charge former clients who submit a File Retrieval Form an administrative fee to process the request, which administrative fee shall be calculated based on the estimated hours expended by BHB staff to fulfill the file transfer request at the rate of fifty ($50) dollars per hour, plus the Debtor's actual out-of-pocket costs to process the request (i.e., the cost to retrieve the file(s) from storage, and the cost to mail the file(s) where the former client directs that they be sent).

6. The Debtor shall transmit an Acknowledgement-Cost Notice by email to each former client that submits a File Retrieval Form identifying the total amount of the administrative fees and costs referenced in paragraph 5.  The former client shall remit payment of the administrative fees and costs identified in the Acknowledgment-Cost Notice within fourteen (14) days after service of such notice.  Any former client of the Debtor who fails to remit payment for administrative fees and costs identified in the Acknowledgment-Cost Notice within such 14-day period shall be deemed to have consented to the destruction of their client file(s), notwithstanding its prior submission of a File Retrieval Form.

7. Service of the Notice of Intent to Dispose of Client Files, File Retrieval Form, and Acknowledgement-Cost Notice in compliance with this order is reasonably calculated to apprise former clients of the need to take action to prevent the destruction of their client file(s) and is therefore sufficient under the circumstances.

**Page 2 of 3** - ORDER GRANTING MOTION TO ESTABLISH CLIENT FILE DISPOSITION PROCEDURES

8.      Subject to paragraph 9 of this order, the Debtor is further authorized take such further actions as may be necessary or appropriate to effectuate the terms of this order;

9.      Nothing in this order shall be deemed to alter or excuse the Debtor's compliance with any applicable state ethical obligations and/or rules governing the professional conduct of attorneys (collectively, "Professional Conduct Rules"), and in the event of any conflict between this order and such Professional Conduct Rules, the Professional Conduct Rules shall control; and

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this order.

### 

<u>CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(b)</u>

I certify that I have complied with the requirements of LBR 9021-1(b), the undersigned counsel has circulated this proposed order to counsel for the Office of the United States Trustee who has indicated that he does not object to this form of proposed order.

PRESENTED BY:

SUSSMAN SHANK LLP

*/s/ Garrett S. Eggen*

_____
Garrett S. Eggen, OSB No. 222197
Thomas W. Stilley, OSB No. 883167
geggen@sussmanshank.com
tstilley@sussmanshank.com
Attorneys for Debtor and Debtor-in-Possession

NUTI HART LLP


*/s/ Kevin W. Coleman*

_____
Kevin W. Coleman, CSB No. 168538 (admitted under LBR 9010-1(a)(2))
kcoleman@nutihart.com

Attorneys for Debtor and Debtor-in-Possession

**Page 3 of 3** - ORDER GRANTING MOTION TO ESTABLISH CLIENT FILE DISPOSITION PROCEDURES